JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, James C. Zingale, pled no contest to physical control of a motor vehicle while intoxicated and driving while under suspension after the trial court denied his motion to suppress. The charges were brought under two separate cases, which were later consolidated. In four assignments of error, appellant contends that the trial court erred in denying his motion to suppress. For the reasons stated below, we dismiss the appeal for lack of a finable appealable order.
 {¶ 2} Appellant has attached three entries (the entry denying his motion to suppress and a sentencing entry for each of the two cases) from the Lakewood Municipal Court as the judgments from which he attempts to appeal. While these entries were journalized, they were never file-stamped by the trial court clerk. The Supreme Court of Ohio has held that a reviewing court does not have subject matter jurisdiction to reach the merits in an appeal from a judgment entry that has not been file-stamped by the trial court clerk. State v. Domers (1991),61 Ohio St.3d 592, 575 N.E.2d 832. See, also, Kovach v. Callahan (Dec. 23, 1999), Cuyahoga App. No. 75189; Cleveland Heights v. Jones
(Jan. 26, 1995), Cuyahoga App. No. 65990; Steingel v. Waiwood
(Jan. 12, 1995), Cuyahoga App. No. 66813.
 {¶ 3} Accordingly, this appeal is dismissed for lack of subject matter jurisdiction.
 {¶ 4} This appeal is dismissed.
It is, therefore, ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Lakewood Municipal Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Blackmon, J., concur.